# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

*Filed Electronically*

| | |
|---|---|
| LARRY AND JANICE PATTERSON, | ) |
| | ) Case No. 4:23CV-71-RGJ |
| Plaintiffs, | ) |
| v. | ) Removed from Hopkins Circuit Court |
| | ) Civil Action No. 23-CI-00223 |
| HUSQVARNA PROFESSIONAL PRODUCTS, | ) |
| INC., HUSQVARNA CONSUMER OUTDOOR | ) |
| PRODUCTS, N.A., INC., LOWE'S HOME | ) |
| CENTERS, LLC, LOWE'S OF MADISONVILLE, | ) |
| #0016, and KENT CLARK, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 USC § 1441(a), Defendants Husqvarna Professional Products, Inc. and Husqvarna Consumer Outdoor Products, N.A., Inc. (collectively "Husqvarna") and Defendants Lowe's Home Centers, LLC (incorrectly also named as Lowe's of Madisonville, #0016)[1] ("Lowe's") and Kent Clark ("Clark") (collectively, "Lowe's Defendants"), by counsel, file their Notice of Removal of this case from the Hopkins Circuit Court of the Commonwealth of Kentucky (Civil Action No. 23-CI-00223), to the United States District Court for the Western District of Kentucky. In support of its Notice, and pursuant to 28 USC § 1446, Husqvarna and the Lowe's Defendants state as follows:

---

[1] Plaintiffs incorrectly name Lowe's of Madisonville, #0016 as a party to this suit despite it being a physical store rather than any recognized legal entity.

1. On April 17, 2023, Plaintiffs filed a Complaint in Hopkins Circuit Court, bearing Civil Action No. 23-CI-00223, against Husqvarna Professional Products, Inc., Husqvarna Consumer Outdoor Products, N.A., Inc., Lowe's Home Centers, LLC, Lowe's of Madisonville, #0016, and Kent Clark (collectively, "Defendants").

2. Husqvarna Professional Products, Inc. was served with a Summons and Complaint on April 21, 2023.

3. Husqvarna Consumer Outdoor Products, N.A., Inc. was served with a Summons and Complaint on May 1, 2023.

4. Lowe's Home Centers, LLC was served with a Summons and Complaint on April 26, 2023.

5. Lowe's of Madisonville was served with a Summons and Complaint on April 20, 2023.

6. Kent Clark was served with a Summons and Complaint on April 23, 2023.

7. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal as **Exhibit A**.

8. The Complaint alleges that Plaintiffs are currently and were at all relevant times (including at the time of filing the Complaint) citizens of Kentucky. *See* Complaint at ¶ 1.

9. Husqvarna Professional Products, Inc. is a Delaware Corporation with its principal place of business at 9335 Harris Corners Parkway Suite 400 Charlotte, NC 28269. Accordingly, Husqvarna Professional Products, Inc. is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332 (c)(1).

10. Husqvarna Consumer Outdoor Products, N.A., Inc. is a Delaware Corporation with its principal place of business at 9335 Harris Corners Parkway, Suite 400, Charlotte, North

Carolina. Accordingly, Husqvarna Consumer Outdoor Products, N.A. is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332 (c)(1).

11. Defendant Lowe's Home Centers, LLC is a wholly-owned subsidiary of Lowe's Companies, Inc., which is a North Carolina corporation with its principal office at 1000 Lowes Blvd., Mooresville, NC 28117, and Lowe's Companies, Inc. is the sole member. For federal court jurisdiction and diversity of citizenship purposes, Lowe's is not a citizen of Kentucky because none of its members are citizens of Kentucky. *See Homfeld II, LLC v. Comair Holdings, Inc.*, No. 01-1151, 2002 WL 31780184, at *1 (6th Cir. 2002) ("[A] limited liability company … has the citizenship of its members.").

12. Plaintiffs name two defendants that they allege are residents and citizens of the Commonwealth of Kentucky. Defendant Kent Clark ("Clark") is alleged to be a citizen of Kentucky. *See* Complaint at ¶ 8. Likewise, the Lowe's of Madisonville, #0016 ("Lowe's Store") is alleged to be a citizen of Kentucky. *See* Complaint at ¶ 7. Both of these defendants are fraudulently joined because no viable claim exists against them under Kentucky law.

13. Lowe's of Madisonville, #0016 ("Lowe's Store") is the physical location of a store operated by Lowe's. *See* Complaint at ¶ 6. For federal court jurisdiction and diversity of citizenship purposes, Lowe's Store is not a separate entity and is not a proper party to this lawsuit.

14. Plaintiffs have fraudulently joined Lowe's Store and Clark to destroy diversity among the parties. Plaintiffs' claims against Lowe's Store and Clark are legally deficient. Where it is "clear that there can be no recovery [against the non-diverse defendant] under the law of the state on the cause alleged or on the facts in view of the law," the non-diverse defendant's citizenship is irrelevant for purposes of diversity jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)

(holding that fraudulent joinder applies where there is no "colorable basis for predicting that [a plaintiff] may recover against [the defendant]").

15. Under Kentucky law, both Clark and all Lowe's-related entities are shielded from liability through KRS § 411.340, known as the "Middleman Statute." The Middleman Statute shields a distributor or retailer from a products liability claim where the manufacturer of the allegedly defective product is identified and subject to the jurisdiction of the Court.

16. The Western District of Kentucky has found that the Middleman Statute precludes claims against retailers like the Lowe's Defendants because they lack "specific or special knowledge" of dangerousness. *See Mason v. Excel Indus., Inc.*, No. 3:10-CV-175, 2011 WL 847449 (W.D. Ky. Mar. 9, 2011) (finding that a dealer of a zero-turn mower was fraudulently joined where plaintiff alleged the mower was defective because it was not equipped with a rollover protection system); *Weixler v. Paris Co.*, No. CIV.A. 3:02CV390H, 2003 WL 105503 (W.D. Ky. Jan. 2, 2003) (dismissing claims against a hardware store and denying remand motion based on the Middleman Statute).

17. Here, Plaintiffs fail to allege that the Lowe's Defendants have "some more specific or special knowledge of dangerousness" of the mower at issue, which is required "to avoid the protections afforded by KRS 411.340." *Weixler*, 2003 WL 105503 at *2. Consequently, naming the Lowe's Defendants as parties is completely without merit.

18. In addition to being protected by the Middleman Statute, Clark cannot be liable for design and manufacturing defects in the products sold at Lowe's. Under Kentucky law, the manager of a store is not liable for design and manufacturing claims for products that are sold in the store. *See Simmerman v. Ace Bayou Corp.*, No. CIV.A. 5: 14-382-DCR, 2014 WL 6633129 (E.D. Ky. Nov. 21, 2014) ("the plaintiffs have failed to provide the Court with any evidence that

Kentucky law imposes liability on a manager of a business to independently design, manufacture, assemble, produce, package, inspect, market, or sell products sold by her retailer-employer.).

19. Because Plaintiffs cannot present a colorable claim against the Lowe's Store or against Clark, the respective citizenships of the Lowe's Store and Clark are irrelevant for purposes of determining diversity among the parties.

20. Excluding the fraudulently joined Lowe's Store and Clark, this action is between citizens of different states, and as a result, complete diversity of citizenship exists. 28 U.S.C. § 1332.

21. Plaintiffs' Complaint does not set forth a specific amount of damages claimed against Defendants but states that the subject mower cut off a portion of Plaintiff Larry Patterson's right leg. Compl. ¶ 14. Plaintiffs' counsel has verbally confirmed that Plaintiffs' damages exceed $75,000, as Mr. Patterson suffered an injury that required partial amputation of his leg. The undersigned counsel requested a damages stipulation and separately sought to confirm the amount in controversy in writing. Plaintiffs' counsel has refused to confirm the amount in controversy in writing. *See* Correspondence, attached as **Exhibit B**. Plaintiffs' counsel offered to respond to a discovery request about the amount in controversy. *See id.*

22. However, the Court may determine from the face of the pleadings that it appears likely that damages exceed $75,000 because Plaintiffs are seeking damages for the amputation of Mr. Patterson's leg. *Burgett v. Troy-Bilt LLC*, 2011 WL 4715176, at *2 (E.D.Ky., 2011) (noting that amputation cases in which courts have found that the amount in controversy is likely satisfied, the alleged injuries caused either the total or substantial loss of use of legs, hands, and feet). Plaintiffs also seek damages for pain and suffering, loss of consortium, and punitive damages. Thus, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

23. Complete diversity of citizenship exists, and the amount in controversy exceeds $75,000. As a result, removal to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 is appropriate.

24. This Notice of Removal is timely because it was filed within the later of 30 days of the later-served defendant's receipt of service of Plaintiffs' Complaint. 28 USC § 1446(b)(2)(C).

25. Pursuant to 28 USC § 1446(d), Defendants are contemporaneously serving a copy of this Notice upon all adverse parties and the Clerk of the Hopkins County Circuit Court, with instructions to proceed no further unless and until this case is remanded.

WHEREFORE, Husqvarna hereby removes this case to the U.S. District Court for the Western District of Kentucky.

Respectfully submitted,

/s/ Allison W. Weyand
FROST BROWN TODD LLP
Allison W. Weyand (KBA #95156)
A. Riley Grant (KBA #100014)
400 West Market Street, 32nd Floor
Louisville KY 40202-3363
502-589-5400 Telephone
502-581-1087 Facsimile
aweyand@fbtlaw.com
rgrant@fbtlaw.com

AND

Nicholas C. Pappas
*(Pro hac vice motion forthcoming)*
111 Monument Circle, Suite 4500
Indianapolis, IN 46204
npappas@fbtlaw.com

*Counsel for Defendants, Husqvarna Professional Products, Inc., Husqvarna Consumer Outdoor Products, N.A., Inc., Lowe's Home Centers, LLC, and Kent Clark*

AND

Laura L. Mays
The City Center
100 W. Main St., Suite 400
Lexington, KY  40507
(859) 219-8216
laura.mays@steptoe-johnson.com
*Counsel for Defendants, Lowe's Home Centers, LLC and Kent Clark*

## CERTIFICATE OF SERVICE

It is hereby certified that on May 19, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system; and that a true and correct copy of the foregoing was served via electronic mail to the following:

Christopher Rhoads
Kyle Lamar
RHOADS & RHOADS, P.S.C.
115 East Second Street
P.O. Box 2023
Owensboro, KY 42302-2023
kyle@rhoadsandrhoads.com
chris@rhoadsandrhoads.com
*Counsel for Plaintiffs*

/s/ Allison W. Weyand
*Counsel for Defendants, Husqvarna Professional Products, Inc., Husqvarna Consumer Outdoor Products, N.A., Inc., Lowe's Home Centers, LLC, and Kent Clark*

0122511.0769923  4866-5309-7312v2