UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PATTERSON ET AL.                                                              Plaintiffs

v.                                                                    Civil Action No. 4:23-cv-71-RGJ

HUSQVARNA PROFESSIONAL                                                        Defendants
PRODUCTS, INC. ET AL.

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Plaintiffs Larry Patterson and Janice Patterson ("Plaintiffs") move to remand this action to the Hopkins County Circuit Court. [DE 9, Pl.'s Mot. Remand]. Briefing is complete and the motion is ripe. [DE 10; DE 13]. For the reasons below Plaintiff's motion to remand [DE 9] is **GRANTED**.

### BACKGROUND

Plaintiffs bring this products liability action against Defendants Husqvarna Professional Products, Inc.; Husqvarna Consumer Outdoor Products, N.A., Inc. (collectively, "Husqvarna"); Lowe's Home Centers, LLC; Lowe's of Madisonville, #0016 ("Lowe's of Madisonville"); and Kent Clark ("Clark") (collectively, "Defendants") alleging various claims arising from the sale and manufacturing of a Husqvarna Zero Turn Riding Lawn Mower ("subject mower"). [DE 1-1 at 10-12]. Plaintiffs allege that the subject mower malfunctioned and struck Larry Patterson in the leg, causing severe injury. [DE 1-1 at 12].

The case was filed in Hopkins Circuit Court. [DE 1-1]. Defendants removed the case based on diversity jurisdiction, alleging that the non-diverse defendants, Clark and Lowe's of Madisonville, were fraudulently joined. [DE 1]. Plaintiffs now move to remand the action, disputing that Clark and Lowe's of Madisonville were fraudulently joined. [DE 9].

1

**STANDARD**

Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)). It allows removal in cases lacking complete diversity if a defendant can show that the plaintiff has "no colorable cause of action" against the non-diverse defendant. *Saginaw Hous. Comm'n v. Bannum, Inc.,* 576 F.3d 620, 624 (6th Cir. 2009). The court's task is not to provide an authoritative answer on the merits of the case but determine whether the plaintiff has provided a non-fraudulent basis for recovery against a non-diverse party. *In re Welding Rod Prod. Liab. Litig.*, No. 1:03-CV-17000, 2004 WL 1179454, at *3 (N.D. Ohio May 21, 2004).

When deciding issues of fraudulent joinder, the Court "appl[ies] a test similar to, but more lenient [to a plaintiff] than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal–Mart Stores, Inc.,* 695 F.3d 428, 433 (6th Cir. 2012). "The standard to establish fraudulent joinder is a high one. It is even higher than the standard required by a motion to dismiss." *Id.* (citing *Cordle v. Merck & Co., Inc.*, 405 F. Supp. 2d 800, 803 (E.D. Ky. 2005)). If the claim against the non-diverse defendant "has even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citing *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 426 (4th Cir. 1999)).

The burden is on Defendants to show fraudulent joinder, and as with any dispute over removal, all doubts are resolved against removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.* 184 F.3d 527, 534 (6th Cir. 1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Even though the fraudulent joinder inquiry is conducted in federal court, "Kentucky pleading rules apply." *Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013) (remanding). In Kentucky, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ky. R. Civ. P. 8.01(1)(a). Kentucky, "still follows the old notice-pleading regime." *Williams v. Altman, McGuire, McClellan & Crum,* Civ. No. 12–131–ART, 2013 WL 28378, at *3 (E.D. Ky. Jan. 2, 2013). Kentucky courts may dismiss a complaint only when a plaintiff "would not be entitled to relief under any set of facts which could be proved." *Fox v. Grayson,* 317 S.W.3d 1, 7 (Ky. 2010). Complaints can be conclusory as long as the plaintiff gives fair notice of the claims. *Pierson Trapp Co. v. Peak,* 340 S.W.2d 456, 460 (Ky. 1960). Further, "the Rules of Civil Procedure with respect to stating a cause of action should be liberally construed" and "much leniency should be shown in construing whether a complaint . . . states a cause of action." *Smith v. Isaacs,* 777 S.W.2d 912, 915 (Ky. 1989) (internal quotation marks omitted and markings in original).[1]

"Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence." *Parker v. Crete Carrier Corp.,* 914 F. Supp. 156, 159 (E.D. Ky.1996). In reviewing allegations of fraudulent joinder, the Court may "pierce the pleading" and consider evidence normally reserved for summary judgment, such as affidavits presented by the parties. *Casias,* 695 F.3d at 433. That said, "[t]he court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id.* (quoting *Walker v. Philip Morris USA, Inc.,* 443 Fed. App'x 946, 955–56 (6th Cir. 2011)). As the burden of establishing fraudulent joinder rests with the removing party, the

---

[1] Like the Federal Rules, the Kentucky Civil Rules allow alternative or inconsistent pleadings under Ky. R. Civ. P. 8.05(2).

court must resolve any disputed questions of fact or ambiguities in controlling state law in favor of the non-removing party. *See Alexander*, 13 F.3d at 949.

## ANALYSIS

It is undisputed that all but two of the defendants are diverse. [DE 9-1 at 84–85]. The question is whether Plaintiffs have at least a colorable cause of action against either non-diverse defendant in the Kentucky state courts. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *Alexander*, 13 F.3d at 949).

First, Plaintiffs allege claims against Clark, the manager of the Lowe's of Madisonville. The Complaint dedicates two paragraphs to Clark:

> 49. At all times relevant, Kent Clark, is/was the store manager at Lowe's of Madisonville Store #0016 and is/was, therefore, responsible for supervision, oversight, employee management, employee training and education, product management, sales, sale of products, and the overall store performance of Lowe's of Madisonville, #0016, from the time Plaintiff purchased the subject lawnmower and all relevant times after the purchase.
> 50. Defendant, Clark, as store manager, was directly responsible for implementing all policies and procedures of Defendants, Lowe's, with respect to the subject mower as outlined above, and therefore, he failed to warn customers, failed to supervise and train employees, is negligent, strictly liable, and has breached the warranties of fitness and merchantability when acting for and on behalf of Defendants, Lowe's, all of which directly and proximately caused the injuries and damages sustained by Plaintiff on or about April 15, 2022, as outlined below Count IX.

[DE 1-1, Complaint, at 19–20]. Plaintiffs argue that they state claims against Clark in both his personal and professional capacities. [DE 9 at 89]. Defendants argue that the Complaint does not allege any tortious conduct by Clark. [DE 10 at 103].

First, the Court considers the claims against Clark in his capacity as a store manager of the retailer, Lowe's. In support of fraudulent joinder, Defendants contend that Plaintiffs' product liability claims against Clark are barred by the Kentucky Middleman statute. The Kentucky Middleman Statute provides:

4

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

KRS § 411.340. The statute is intended to shield retailers from both liability and lawsuits on the theory that "retailers are unaware of design and manufacturing considerations and it is therefore unfair to hold them responsible for the mere sale of a defective product where the manufacturer is also before the Court." *Weixler v. Paris Co.*, No. 3:02–CV–390–H, 2003 WL 105503, at *1 (W.D. Ky. Jan. 2, 2003).

Here, there is a factual dispute as to whether the threshold conditions for immunity have been met. The Complaint alleges that Lowe's was negligent in its assembly of the mower, which if true, would have caused the product to be sold in an altered condition. [DE 1-1 at 18]. Construing this fact in favor of Plaintiffs, the Middleman statute does not shield Clark or Lowe's from liability. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.")

This case is analogous to *Mitchell v. Dow Chem. Co.*, No. CIV. 11-117, 2011 WL 2938156 (E.D. Ky. July 19, 2011). In *Mitchell*, Plaintiff sued a Lowe's store manager when a can of foam sealant they purchased exploded, causing injury. *Id*. at *1. Plaintiff alleged not that the defendant personally marketed the foam sealant, but that as a manager he was responsible for the way the store marketed and sold the product. *Id*. at *3. In support of his fraudulent joinder claim, the defendant offered an affidavit stating that he "did not *personally* advertise, market,

5

distribute, or sell Great Stuff foam sealant." *Id.* (emphasis in original) (internal quotations omitted). The absence of a disclaimer of managerial responsibility for the store's marketing was dispositive of the fraudulent joinder claim. *Id.* ("As the removing party, Lowe's bears the burden of proving fraudulent joinder. If Lowe's had submitted evidence demonstrating that, as an individual store manager, Henderson had no control over the decision to sell Great Stuff and how the product was marketed, this might be a different case. But Lowe's has not submitted that kind of evidence . . . "). Because the defendant failed to carry his burden of "destroying the factual basis of [plaintiff's] claims against him, the court found no fraudulent joinder and remanded the case. *Id.*

Clark's affidavit expressly disclaims that he exercised managerial responsibility for the marketing or placement of the subject mowers. [DE 10-2 at 115]. Yet Clark does not disclaim managerial responsibility for the assembly of the subject mowers. [*Id.*]. Clark states in his affidavit: "I did not change any Husqvarna Zero Turn Mower sold at Lowe's of Madisonville #0016 from its original manufactured condition. I also did not train any Lowe's employee to change any Husqvarna Zero Turn Mower from its original manufactured condition. I have no knowledge of any modifications to the Husqvarna Zero Turn Mower that Plaintiff purchased." [DE 10-2 at 115]. Just as in *Mitchell*, Defendants point to no case law requiring a store manager to assemble or train others to assemble a product to be liable for its sale. 2011 WL 2938156, at *3. Defendants have not proven that, as a store manager, Clark had no control over the training or supervision of employees responsible for assembling mowers. Therefore, they have not met their burden of proving Plaintiffs have no colorable products liability claim against Clark under Kentucky law.

Because there is at least one colorable claim against a non-diverse defendant, the Court need not address other claims against Clark or Lowe's of Madisonville.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Plaintiff's motion to remand [DE 9] is **GRANTED.**

2) The case is **REMANDED** to Hopkins Circuit Court.

January 8, 2024

Rebecca Grady Jennings, District Judge
United States District Court